**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIS OSCAR, | No. 23-3858 |
| Petitioner, | Agency No. A220-509-072 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Maris Oscar petitions for review of the decision of the Board of Immigration

Appeals (BIA) dismissing his appeal of an order of the immigration judge (IJ)

denying his application for asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[2]

Substantial evidence supports the agency's adverse credibility finding.  *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).  Oscar testified inconsistently on several points, including whether his attackers identified themselves, whether he was beaten with a stick, whether the attackers also beat his wife, when and how he procured an incident report from the Haitian clerk of court, and whether he experienced physical harm after moving to Chile.  The IJ noted other examples where Oscar's testimony was implausible (for example, that he was beaten by four individuals but sustained no injuries other than scratches) or nonresponsive (for example, when asked who employed him in Chile or whether he could travel, Oscar gave vague, nonconclusive answers).  Thus, the evidence does not compel the conclusion that the agency erred in finding Oscar not credible.  *Shrestha v.*

---

[1] Oscar's petition for review and his opening brief seek review on behalf of himself, his wife Fabienne Lorjuste, and their minor child.  His wife and minor child are derivative beneficiaries of his application for asylum.  8 U.S.C. § 1158(b)(3)(A).  They did not file separate applications for relief from removal and do not have derivative claims for withholding of removal or CAT protection. *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

[2] We address Oscar's ineligibility for asylum under the firm resettlement bar in a concurrently filed opinion.  *Oscar v. Bondi*, __ F.4th __ (9th Cir. 2025).  The firm resettlement bar does not apply to withholding of removal claims.  *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019).

2

*Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Absent Oscar's credible testimony, there is no basis in the record for his withholding of removal claim. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (concluding that absent credible testimony, petitioner failed to establish eligibility for relief).

Substantial evidence also supports the agency's denial of Oscar's claim for relief under the CAT. *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). The evidence Oscar presented—that he was attacked in 2014, but "not really injured,"—does not compel the conclusion that he suffered "severe pain or suffering" rising to the level of torture. 8 C.F.R. § 1208.18(a)(1), (2). Nor does Oscar's generalized evidence of country conditions compel the conclusion that it is more likely than not that he will be tortured in the future, *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021), or that the government acquiesced in his suffering, given the lack of evidence (aside from his own non-credible "estimation") that his attackers controlled the authorities to whom he reported his attack, *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022).

**PETITION DENIED.**